# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ANTHONY GREGOR**, *et al.*, <br><br>    *Plaintiffs*, <br><br>v. <br><br>**RICE DRILLING D, LLC**, *et al.*, <br><br>    *Defendants*. | **Civil Action No. 2:21-CV-03999** <br> **Judge Edmund A. Sargus** <br> **Magistrate Judge Elizabeth Preston Deavers** |

## STIPULATED CONFIDENTIALITY AGREEMENT

## AND PROPOSED PROTECTIVE ORDER

**WHEREAS**, the parties to the above-captioned case (the "Litigation") are engaged in proceedings that will include the production of documents and things and the taking of depositions;

**WHEREAS**, the parties anticipate that discovery proceedings may involve the disclosure of certain information that the parties believe to be of a non-public, confidential and sensitive nature, including, but not limited to, commercially sensitive financial or business information;

**WHEREAS**, the parties desire to protect the confidentiality of certain documents and information and seek to ensure that, except as expressly provided herein, restricted confidential information be kept confidential, used only for the purpose of this Litigation, and shall not be disclosed or used in any other way.

**IT IS STIPULATED AND AGREED** that this Stipulation and Order shall govern the handling of any document or thing, as defined by the Federal Rules of Civil Procedure (including documents and things produced to the Receiving Party for inspection and documents and things provided to the Receiving Party, whether in the form of originals or copies), deposition testimony (whether based upon oral examination or written questions), videotapes, deposition exhibits,

13620762v1

interrogatories, responses to interrogatories, requests for admission, responses to requests for admission, and any other discovery information produced, given or exchanged among the parties and/or third-parties in connection with the Litigation, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof ("Discovery Material").

**IT IS FURTHER STIPULATED AND AGREED** as follows:

**I.     DEFINITIONS**

1. "Producing Party" means a party or non-party providing Discovery Material in this Litigation.

2. "Receiving Party" means any person to whom the production or disclosure of Discovery Material is made.

3. "Confidential Information" means any non-public information that a party reasonably and in good faith believes is confidential, including but not limited to trade secrets; proprietary, non-public, and competitively sensitive business information, such as customer lists and contracts and confidential research and development information; non-public financial information (whether personal or corporate); and personal identifying information. For the avoidance of doubt, information that is claimed in this Litigation as a trade secret or other confidential research, development, or commercial information shall be treated as Confidential Information, unless and until the Court rules that the information does not constitute "Confidential Information" in accordance with the challenge provisions of Section IV.

4. "Attorneys' Eyes Only Information" means commercially sensitive Confidential Information, disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means, including without limitation technical documentation such as schematics, block diagrams, technical manuals, service manuals, and other highly sensitive

technical information; commercially sensitive information such as business plans or strategies, marketing plans or strategies, product development or design information; financial information such as sales, revenues, and profits; and information subject to confidentiality obligations to customers of the parties.

     5.    "Restricted Material" means any and all Discovery Materials that contain Confidential Information and which have been designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in accordance with the procedures in paragraph II.2 of this Stipulation and Order.  The designation of "CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" given to any Restricted Material shall also apply to any copies, excerpts, summaries, or other documents made by anyone other than the Producing Party that quote or summarize the contents of such Restricted Material.

     6.    "Privileged Material" shall mean any and all documents, information, electronically stored information and tangible objects of the parties and of non-parties that may be protected from discovery as privileged or protected information (including, but not limited to, information protected by the attorney-client privilege, the attorney work-product doctrine, or any other immunity from disclosure) and/or trial preparation material.

     7.    "Counsel" means outside law firms of record in this Litigation for the parties to this Litigation, including the partners, associates, paralegals, secretaries, and other support staff employed by the law firms of record.  Prior to being entitled to receive or review Confidential Information or Restricted Material, any counsel not covered by this paragraph's definition of "Counsel" shall agree to be bound to the terms of this Stipulation and Order by either affixing their signature to this Order or by executing Exhibit A hereto.

**II.** **CONFIDENTIAL INFORMATION AND RESTRICTED MATERIAL**

1. Nothing in this Stipulation and Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this Litigation in any manner that the party deems appropriate. This Stipulation and Order shall not restrict the use or disclosure of documents or information that are publicly available. Further, nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this Litigation

2. The designation of Discovery Material as Restricted Material shall be made in the following manner:

   a. With respect to deposition or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of or immediately following such deposition or testimony that such testimony, or portions thereof, shall be treated as Restricted Material; or (ii) by written notice, sent by counsel to all parties within ten (10) business days after receiving a final copy of the transcript thereof, that such testimony, or portions thereof, shall be treated as Restricted Material. Until the notification period expires, the entirety of transcripts shall be treated as if they were designated as containing Restricted Material and subject to the disclosure restrictions placed on Discovery Material marked "CONFIDENTIAL ATTORNEYS' EYES ONLY;" and

   b. With respect to all other Discovery Material containing Confidential Information, the parties shall mark the Discovery Material "CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" in the following manner: the parties shall

mark each page containing any Confidential Information as either "CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as Confidential Information by (i) informing the person to whom the material is provided in writing in a clear and conspicuous manner of such material, that such material contains Restricted Material that is "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY"; (ii) including "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" in the file or directory name; or by (iii) affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD).

3. Extracts and summaries of Restricted Material shall also be treated as Restricted Material and as bearing the same designation as the underlying Restricted Material.

4. Except by prior Court order or the written consent of the Producing Party, and subject to the other provisions of this Stipulation and Order, any Discovery Material designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not be disclosed by the Receiving Party's Lawyer to any person except:

a. Counsel, including the partners, associates, paralegals, secretaries, and other support staff working under the direct supervision of such Counsel, but only to the extent disclosure to such persons is reasonably necessary to Counsel's rendering of professional services to their clients in this Litigation;

b.  Litigation support service vendors and copy services, data entry, and computer support services retained by Counsel in connection with this Litigation, but only to the extent disclosure to such vendors is reasonably necessary to Counsel's rendering of professional services to their clients in this Litigation;

c.  Independent consultants or experts, including their support personnel, who have been retained by a party or Counsel for purposes of assisting in the Litigation or to serve as an expert witness in the Litigation, provided that Counsel and the consulting or testifying expert firms to whom disclosure is made pursuant to this paragraph have complied with paragraphs II.6 and II.7 of this Stipulation and Order (for purposes of this Stipulation and Order, "independent consultant or expert" means a person with specialized knowledge who, at the time of retention, is not a current or past employee of a party, is not anticipated to become an employee of a party, and is not a current employee or a current consultant of a party's competitor);

d.  Court reporters and employees of court reporters engaged by Counsel to record, transcribe, or videotape testimony in the Litigation;

e.  Mediators, arbitrators, facilitators, and professional jury or trial consultants to whom disclosure is reasonably necessary for this Litigation;

f.  One (1) in-house counsel to whom disclosure is reasonably necessary for this Litigation;

g.  Any person not otherwise covered by this paragraph who, as to any document, was its author and/or was an actual recipient prior to the production of such document pursuant to this Stipulation and Order;

6

  h. Witnesses or deponents who are a current or former employee, executive, or representative of the Producing Party, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation, provided that they may not retain copies of Restricted Material; and

  i. The Court and all employees thereof, its officers and clerical staff in any proceeding related or pertaining to the Litigation, and the jury.

5. Except by prior Court order or the written consent of the Producing Party, and subject to the other provisions of this Stipulation and Order, any Discovery Material designated as "CONFIDENTIAL" shall not be disclosed by the Receiving Party to any person except:

  a. Persons who may access Discovery Material designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" pursuant to paragraph II.4 above;

  b. Persons being deposed or testifying at trial in this action and any other witnesses or potential witnesses, to the extent such disclosure is reasonably necessary to Counsel's rendering of professional services to their clients in this Litigation, during the course of depositions or testimony in this action and, to the extent necessary, in preparation for such depositions or testimony in this action, provided that they may not retain copies of Restricted Material;

  c. The current officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation;

  d. Former officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation; and

  e. Any other persons who agree in writing to be bound by the terms of this Stipulation and Order by signing an undertaking in the form attached as Exhibit A hereto.

6. Discovery Material designated by another party as Restricted Material may be provided to the persons listed in paragraph II.4.b only for the limited purpose and only to the extent that the Receiving Party's Counsel reasonably believes disclosure is necessary for such expert or consultant to prepare a written opinion, to testify, or to assist counsel in this Litigation. Any expert or individual to whom, in accordance with paragraph II.4.b of this Stipulation and Order, a Receiving Party discloses Restricted Material must (i) declare that he or she has read, understood and agrees to abide by the terms of this Stipulation and Order by making such a statement in writing, and/or by signing an undertaking in the form attached as Exhibit A hereto, and (ii) implement and enforce reasonable controls in an effort to restrict and prevent the unauthorized access to the Restricted Material by any person, including but not limited to, his or her employees who do not possess a need to know or handle the Confidential Information in order to render professional services to the parties in this Litigation. Counsel for the party showing Restricted Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such undertaking and retaining a copy thereof.

7. Unless otherwise ordered by the Court or agreed to in writing by the Producing Party, a party that seeks to disclose to any person listed in paragraph II.4.c any Restricted Material first must complete a reasonable investigation of such person and determine that (1) his or her current employer(s) are not competitors of the Receiving Party; (2) he or she is not a past employee of a party or a party's competitor and at the time of retention not anticipated to become an employee of a party or a competitor; and (3) he or she, and all persons working with or for him or her that will receive any Restricted Material, have executed an undertaking in the form attached as Exhibit A hereto. For each such investigation completed, the party or its counsel who conducted the investigation must prepare and sign a declaration attesting to the reasonableness of the

investigation and that the investigation determined that (1) the individual's current employer(s) are not competitors of the Receiving Party, (2) he or she is not a past employee of a party or a party's competitor and at the time of retention not anticipated to become an employee of a party or a competitor; and (3) he or she, and all persons working with or for him or her that received the Restricted Material, executed an undertaking in the form attached as Exhibit A hereto. Counsel for the party showing Restricted Material and preparing and executing a declaration pursuant to this paragraph shall be responsible for obtaining such declaration and retaining a copy thereof.  Such declarations shall not be subject to disclosure under the Federal Rules of Civil Procedure unless a showing of good cause is made and the Court so orders.  However, counsel for any party that has disclosed Restricted Material to non-testifying consultants or experts under paragraph II.4.c shall provide to opposing Counsel copies of all undertakings signed by such consultants or experts within ten (10) calendar days following the termination of this Litigation.  The parties agree that such disclosure shall not constitute a waiver of any work product protection that the disclosing party might otherwise have.

8. Discovery Material designated by another party as Restricted Material may be provided to the persons listed in paragraphs II.5.b, II.5.c, or II.5.e only for the limited purpose and only to the extent that the Receiving Party's Counsel reasonably believes disclosure is necessary for the purposes of this Litigation.  Any individual to whom, in accordance with paragraphs II.5.b, II.5.c, or II.5.e of this Stipulation and Order, a Receiving Party discloses Restricted Material must declare that he or she has read, understood and agrees to abide by the terms of this Stipulation and Order by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the party showing Restricted Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such undertaking and retaining a copy thereof.  A

copy of Exhibit A signed by persons listed in paragraph II.5.c shall not be subject to disclosure under the Federal Rules of Civil Procedure unless a showing of good cause is made and the Court so orders.  However, Counsel for any party that has disclosed Restricted Material to persons listed in paragraph II.5.c shall provide to opposing Counsel copies of all such signed undertakings within ten (10) calendar days following the termination of this Litigation. Counsel for any party that has disclosed Restricted Material to persons listed in paragraph II.5.d or II.5.e shall provide to opposing Counsel copies of all such signed undertakings within ten (10) calendar days following execution.  The parties agree that the disclosures to opposing Counsel described in this paragraph shall not constitute a waiver of any work product protection that the disclosing party might otherwise have.

9. Before the Receiving Party or Counsel may show or disclose the Producing Party's Restricted Material to any other person covered under paragraphs II.4.a, II.4.c, or II.4.d above, the Receiving Party's Counsel shall advise such person that the Restricted Material is subject to this Stipulation and Order and may not be disclosed other than pursuant to its terms.

10. All persons obtaining access to Discovery Material in the Litigation shall use such documents or information solely and exclusively for purposes of this Litigation, including any appeal and retrial, and shall not use or disclose such documents or information for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding, without the express written permission of the Producing Party.  This Stipulation and Order shall not restrict the use or disclosure of documents or information that are publicly available, nor shall it restrict a Producing Party's use or disclosure of its own documents or information.

11. Any person or party subject to this Stipulation and Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of a Producing Party's Discovery Material shall (i) promptly notify the Producing Party within five (5) business days of receipt of such process or demand to enable the Producing Party to have an opportunity to appear and be heard on whether that information should be disclosed; and (ii) not produce or provide such materials or information unless required by court order, law or regulation, or with the consent of the Producing Party. For the avoidance of doubt, in the event that the Producing Party seeks to block the disclosure of its Discovery Material, the obligation to do so belongs on the Producing Party.

### III. FILING UNDER SEAL

1. Pursuant to this Stipulation and Order, a party who reasonably and in good faith believes that materials containing Restricted Material are necessary for the Court to consider in connection with such party's pleading, brief, memorandum, affidavit, motion, or other filing with the Court, and who seeks to file with the Court any deposition transcripts, exhibits, or other documents that have previously been designated as containing or comprising Restricted Material, or any pleading, brief, memorandum, affidavit, motion, or other court filing of any kind that reproduces, paraphrases or discloses Restricted Material, such party shall seek leave of the Court to file such documents under seal. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential Information and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which are Confidential Information shall be filed under seal.

2. Submission of documents to the Court shall constitute service on that date, provided that a complete set of unredacted and highlighted documents indicating the proposed redactions

are also served on the opposing party via email on that date. The parties will create a final version of the redacted document to be publicly filed, which document shall redact any material that any party contends constitutes Restricted Material. The parties' agreement to a redacted version of a document provisionally filed under seal shall not constitute an agreement of, or any waiver respecting, the propriety of an opposing party's claim of confidentiality.

       3.       If the non-moving party is unable to agree that the Restricted Material should be filed under seal, after the Restricted Material is filed under seal, the non-moving party has ten (10) business days to make a motion to the Court to unseal any such Restricted Material. Documents subject to such a motion shall not be unsealed until final resolution of any such motion. Any documents not subject to such a motion will remain sealed for the duration of the Litigation and shall be returned by the Clerk upon disposition of the Litigation.

       4.       Once the parties agree on a final version of the redacted document, no later than ten (10) business days after filing a document under seal pursuant to Section III.1, the party that filed the original document under seal shall electronically file with the Court, for its public file, a copy of the submitted materials with the Confidential Information redacted. Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

**IV.**    **REDESIGNATION OF MATERIALS; CHALLENGE OF CONFIDENTIALITY DESIGNATION**

       1.       A Producing Party that produces Confidential Information but inadvertently fails to mark an item as Restricted Material may correct its failure immediately after the error is noted. Such correction and notice thereof shall be made in writing and accompanied, or followed within a reasonable period of time, not to exceed five (5) business days, by substitute copies of each item,

appropriately marked. After the Receiving Party receives such notice, the Receiving Party shall (i) thereafter treat the Confidential Information in accordance with the corrected designation, (ii) inform any person who was provided the Confidential Information by the Receiving Party before it was designated as such, and (iii) provide any person who received such Confidential Information from the Receiving Party before it was correctly designated and who had not previously signed Exhibit A hereto with a copy of this Stipulation and Order, request such person sign Exhibit A, and inform such person that he or she may be held in contempt of Court and subject to monetary sanctions or other consequences for failing to comply with the terms of this Stipulation and Order even if he or she does not sign Exhibit A. Unless the Producing Party agrees otherwise, the Receiving Party or its counsel shall return the previously unmarked items and all copies thereof or destroy or delete the same and confirm the destruction to counsel for the Producing Party.

2. Except as provided in this Stipulation and Order, following the production or dissemination of Discovery Material, the failure to designate particular Discovery Material as Restricted Material at the time of production shall not waive or be construed to constitute a waiver of the Producing Party's right to later designate such Discovery Material as Restricted Material provided that the Producing Party notifies all Receiving Parties within five (5) business days of the Producing Party learning of the inadvertent failure to designate. No party shall be deemed to have violated this Stipulation and Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. If, after receiving notice of designation by the Producing Party, the Receiving Party determines that Restricted Material has been given to persons not entitled to receive Restricted Material, the Receiving Party shall notify the Producing Party of such disclosure and the Receiving Party shall immediately take all reasonable steps to recover the Restricted Material from any person or party

to which it was disclosed. Nothing contained within this paragraph prevents a Receiving Party from challenging such designation for Discovery Material as Restricted Material pursuant to the procedures described in paragraph IV.4.

3. In the event of any inadvertent, unauthorized disclosure by the Receiving Party of any Restricted Material or any Confidential Information contained in Restricted Material, counsel for the Receiving Party shall notify counsel for the Producing Party in writing within five (5) business days of discovery of such unauthorized disclosure, or of facts sufficient to give rise to a reasonable belief that there has been, or may have been, unauthorized disclosure. Counsel for the Receiving Party and the Producing Party shall thereafter cooperate and make every effort to prevent disclosure by each unauthorized person who received such Confidential Information. The Receiving Party shall be responsible for using commercially reasonable efforts to obtain from persons to whom such unauthorized disclosure was made, their agreement to abide by the terms of this Stipulation and Order by execution of Exhibit A hereto.

4. If the Receiving Party disagrees with the designation by the Producing Party of any Discovery Material as Restricted Material, then the parties will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Restricted Material pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the disputing party may, within a reasonable time and after an informal conference with the Magistrate Judge, or such other time period as to which the applicable persons have agreed in writing or pursuant to a court order, move the Court for a redesignation of the Discovery Material. Until the Court rules on the motion, the material shall be treated consistent with its designation as Confidential. The Producing Party bears the burden of persuading the Court that the information is in fact Restricted Material within the definition of that term set forth above.

Discovery Material shall not be entitled to a Restricted Material designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public since, its designation. Nothing in this Stipulation and Order precludes a party from challenging a confidentiality designation on any other ground.

5. If the Receiving Party believes that the Producing Party of any Discovery Material failed to stamp Confidential Information with the appropriate designation identifying it as Restricted Material, then the parties will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall be treated as Restricted Material pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the disputing party may, within a reasonable time thereafter, or such other time period as to which the applicable persons have agreed in writing or pursuant to a court order, move the Court for a redesignation of the Discovery Material. Until the Court rules on the motion, the material shall be treated as Restricted Material. The Producing Party bears the burden of persuading the Court that the information is in fact not Restricted Material and does not fall within the definition of that term set forth above.

V. **INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

1. The production of any Privileged Material or Discovery Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d).

2. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information or any other information or

15

materials (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**VI.     MISCELLANEOUS PROVISIONS**

1.     The provisions of this Stipulation and Order shall not terminate at the conclusion of the Litigation. Within thirty (30) days of the final conclusion of all aspects of the Litigation by judgment not subject to appeal or settlement (the "Final Date"), all Restricted Material shall either be returned to the Producing Party, destroyed, or deleted, at the option of the Receiving Party. The Receiving Party or its Counsel shall be responsible to ensure that the Receiving Party has complied with the terms of this provision and this Stipulation and Order and shall confirm in writing to Counsel for the Producing Party that all Restricted Materials have been returned, destroyed, or deleted. Notwithstanding the foregoing, following the Final Date, a party's counsel may retain its own work product, and the parties and their counsel may retain pleadings, copies of court filings, records of court proceedings (including transcripts of and exhibits to such proceedings), correspondence between counsel and copies of depositions (including exhibits thereto) that contain or refer to Confidential Information, provided that the retention of such materials continues to comply with the terms of this Stipulation and Order. This Stipulation and Order shall not be interpreted in a manner that violates any canons of ethics or codes of professional responsibility.

2.     This Stipulation and Order is executed by Plaintiff and Defendant, by and through their attorneys, who also sign on behalf of themselves and their respective law firms. The parties agree to be bound by the terms of this Stipulation and Order pending its entry by the Court, or pending the entry of an alternative thereto that is satisfactory to all parties, and any violation of the terms of this Stipulation and Order before it is entered by the Court shall be subject to the same sanctions and penalties as if the Stipulation and Order had already been entered by the Court.

Nothing in this Stipulation and Order shall preclude either party from seeking judicial relief, upon notice to the other party, with regard to any provision hereof.

3. The protections of this Stipulation and Order shall be available to non-parties that are served with subpoenas in connection with the Litigation or who otherwise produce documents or are noticed for deposition in connection with the Litigation, provided that any such non-parties seeking to invoke the protections provided by this Stipulation and Order shall follow the procedures set forth herein for parties, to the extent applicable. Any party issuing a subpoena or any similar form of legal process to a non-party shall enclose a copy of this Stipulation and Order and notify the non-party that the protections of this Stipulation and Order are available to such non-party.

4. Nothing in this Stipulation and Order shall be construed as an admission or agreement that any topic, document, or information is or is not otherwise subject to discovery.

5. No provision of this Stipulation and Order shall prevent any party from objecting to discovery or the authenticity, relevance, use or admissibility of evidence designated as Restricted Material pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence or any other applicable law. This Stipulation and Order shall not be construed as a waiver by any party of any right to withhold any Privileged Material, or of any right that any party may have to assert such privilege at any stage of this Litigation.

6. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the

terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery shall be had of certain documents or information; (iv) to seek a higher level of protection than provided for by this Order if the party believes that new and unique circumstances warrant that higher level of protection; or (v) to seek documents or other information from any source. In any instance where a Producing Party asserts a higher level of protection to discovery material after its initial production, the higher protection level shall apply to the materials only as of the time of their redesignation. Persons who obtain access to such materials prior to their redesignation shall, from the time of notice to them of the materials' redesignation, restrict their review or use of those materials in accordance with the higher protection level and, if not done so already, sign Exhibit A and, if appropriate, provide the signed Exhibit A to opposing Counsel in accordance with paragraphs II.7 and II.8.

7.  This Stipulation and Order may be executed in counterparts.

No part of the restrictions imposed by this Stipulation and Order may be waived, modified, dissolved or terminated, except by written agreement executed by Counsel for the parties, or by an Order of the Court.

**IT IS SO ORDERED.**

Date: November 8, 2021  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

Dated: November 5, 2021

 /s/ Patrick Kasson
Patrick Kasson (0055570)
David Hudson (0084988)
Brandon Abshier (0083505)
Thomas N. Spyker (0098075)
Kent Hushion (0099797)
**REMINGER CO., LPA**
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Phone: (614) 232-2418
Email: pkasson@reminger.com
  babshier@reminger.com
  tspyker@reminger.com
  schang@reminger.com
  khushion@reminger.com

Sean E. Jacobs (0088351)
Heidi R. Kemp (0095587)
**EMENS WOLPER JACOBS & JASIN LAW FIRM CO., LPA**
One Easton Oval, Suite 550
Columbus, Ohio 43219
Phone: (614) 414-0888
Email: sjacobs@ewjjlaw.com
  hkemp@ewjjlaw.com

*Counsel for Plaintiffs*

Dated: November 5, 2021

 /s/ John Kevin West
John Kevin West (OH #0091520)
**STEPTOE & JOHNSON PLLC**
Huntington Center, Suite 2200
41 South High Street
Columbus, OH 43215
Phone: (614) 458-9889
Fax: (614) 221-0952
Email: kevin.west@steptoe-johnson.com

- and -

Melanie M. Morris (OH #0073506)
**STEPTOE & JOHNSON PLLC**
1233 Main Street, Suite 3000
P.O. Box 751
Wheeling, WV 26003
Phone: (304) 231-0460
Fax: (304) 233-0014
Email: melanie.norris@steptoe-johnson.com

- and -

Ragan Naresh, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 389-5267
Fax: (202) 389-5200
Email: ragan.naresh@kirkland.com

- and -

Anna Rotman, P.C. (admitted *pro hac vice*)
Kenneth Young (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, TX 77002
Phone: (713) 836-3600
Fax: (713) 836-3601
Email: anna.rotman@kirkland.com
  kenneth.young@kirkland.com

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ANTHONY GREGOR,** *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> **RICE DRILLING D, LLC,** *et al.*, <br><br> *Defendants*. | **Civil Action No. 2:21-CV-03999** <br> **Judge Edmund A. Sargus** <br> **Magistrate Judge Elizabeth Preston Deavers** |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER - EXHIBIT A

**1.** I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Confidentiality Agreement and Proposed Protective Order (the "Stipulation and Order") entered in the above-captioned action and that I understand the terms thereof.

**2.** I agree to be bound by all terms of the Stipulation and Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and Order except in strict compliance with the terms of the Stipulation and Order.

**3.** I further agree to submit to the jurisdiction of the Court in the above-captioned action for purposes of enforcing the Stipulation and Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

_____
Signature

_____
Printed Name