# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ANTHONY GREGOR,** *et al.*,

    **Plaintiffs,**

v.                                              Civil Action 2:21-cv-3999
                                              Magistrate Judge Elizabeth P. Deavers

**RICE DRILLING D, LLC,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

With the consent of the parties and by Order of Reference (ECF No. 36), pursuant to 28 U.S.C. § 636(c), this matter is before the Court for consideration of Defendants' Partial Motion to Dismiss (ECF No. 41 (the "Motion to Dismiss")), and Plaintiffs' Motion to Disregard New Arguments Raised for the First Time in Defendants' Reply Brief or, in the Alternative, Motion for Leave to File Sur-Reply *Instanter* to Defendants' Reply in Support of Partial Motion to Dismiss (ECF No. 48 (the "Motion for Sur-Reply")). For the reasons that follow, the Motion to Dismiss (ECF No. 41) is **GRANTED**, and the Motion for Sur-Reply (ECF No. 48) is **GRANTED**.

                                    **I.    BACKGROUND**

Plaintiffs, who bring claims related to alleged royalty underpayments on behalf of hundreds of individuals who own mineral interests in Belmont County, Ohio, initiated this action in the Court of Common Pleas of Belmont County on June 25, 2021, by filing a Complaint asserting claims for (1) Breach of Contract; (2) Conversion; (3) Unjust Enrichment; and (4) Declaratory Relief. (ECF No. 1-1 at PAGEID ## 12-36.) On July 23, 2021, Defendants removed the action to this Court. (ECF No. 1.) On July 30, 2021, Defendants moved to dismiss

1

Plaintiffs' claims for conversion and unjust enrichment.  (ECF No. 9.)  On August 20, 2021, Plaintiffs filed an Amended Complaint which only asserted two claims:  (1) Breach of Contract and (2) Declaratory Relief.  (ECF No. 10.)  Then, on July 31, 2023, Plaintiffs filed the operative Second Amended Complaint, which likewise only asserts those two claims.  (ECF No. 40.)

Plaintiffs generally allege that they are "mineral rights and/or royalty interests" owners who seek to enforce "royalty language" in certain leases.  (*Id.* at PAGEID # 611, 622-625, ¶¶ 38, 115-128.)  Plaintiffs believe that Defendants are "improperly pay[ing] royalties" to third parties, and allege that such payments caused injury which "will continue to grow in the future" without resolution of their breach of contract claim.  (*Id.* at PAGEID # 624, ¶¶ 126-127.)  Plaintiffs also seek declaratory judgment as follows:

> A declaratory judgment that (1) Defendants are prohibited from paying royalties under the Smith-Goshen Lease, or leases with the same or similar royalty language on proceeds received in sales to Affiliates and that the royalties must be based upon the Unaffiliate Price, and that Defendants are prohibited from deducting any costs or expenses in connection with the activities and operations of lessee including, but not limited to, drilling, testing, completion, producing or post-production costs, construction, transportation, dehydration, separation, compression, gathering, processing, and marketing from any royalty payments, and (2) Defendants must properly report to Plaintiffs and the other Class members the gross proceeds received from unaffiliated third-party purchasers in arm's length transactions and the Unaffiliate Price going forward and must properly report any cost or expense deductions;

(*Id.* at PAGEID # 627.)

On August 14, 2023, Defendants filed the subject Motion to Dismiss, seeking dismissal of Plaintiffs' Declaratory Judgment claim as duplicative of the Breach of Contract claim.  (ECF No. 41.)  On September 18, 2023, Plaintiffs filed a response in opposition.  (ECF No. 44.)  On October 2, 2023, Defendants filed a reply in support.  (ECF No. 45.)

Then, on October 23, 2023, Plaintiffs filed the Motion for Sur-Reply, arguing that Defendants' reply brief "raised the new argument that Plaintiffs lack Article III standing to bring

2

their declaratory judgment claim." (ECF No. 48.) Plaintiffs therefore ask the Court either to disregard Defendants' standing argument, or in the alternative to grant leave for Plaintiffs to file a surreply *instanter*. (*Id.*) On November 13, 2023, Defendants opposed the Motion for Sur-Reply. (ECF No. 49.) Upon review of the parties' briefing, the Court agrees with Plaintiffs that Defendants' standing argument *was* a new argument, raised for the first time in reply, which permits Plaintiffs an opportunity to respond. *Golden Eagle Res. II, LLC v. Rice Drilling D, LLC*, No. 2:22-CV-02374, 2023 WL 1927799, at *3 (S.D. Ohio Feb. 10, 2023) ("'[A]rguments raised for the first time in a reply brief . . . deprive[] the [opposing] party of its opportunity to address the new arguments' in the absence of a sur-reply.") (citing cases). Accordingly, Plaintiffs' Motion to Disregard New Arguments Raised for the First Time in Defendants' Reply Brief or, in the Alternative, Motion for Leave to File Sur-Reply *Instanter* to Defendants' Reply in Support of Partial Motion to Dismiss, ECF No. 48, is **GRANTED**, and the Court will consider Plaintiffs' Sur-Reply to Defendants' Reply in Support of Partial Motion to Dismiss, ECF No. 48-1. The Motion to Dismiss is therefore ripe for judicial review.

## II. STANDARD OF REVIEW

Defendants seek dismissal of Plaintiffs' Declaratory Judgment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 41.) To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original) (internal citations omitted).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts

4

intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc*., 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.*, 852 F. Supp. 2d 925, 938 (S.D. Ohio 2012) (*quoting* 28 U.S.C. § 2201(a)). Courts have the discretion to decide whether to entertain a declaratory judgment action, and routinely "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (citing cases). Moreover, declaratory judgment is typically sought before an injury-in-fact has occurred. *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). As such, courts consistently find that declaratory relief is inappropriate when the "claims have already ripened into a cause of action." *Miami Valley*, 852 F. Supp. 2d at 938. For example, in *Miami Valley*, the court held that where the "validity and enforceability of the contracts have already been placed at issue" by a breach of contract claim, declaratory relief is not appropriate because the "claim for damages is a better and more effective remedy." *Id.*; *see also, e.g., Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 908 (6th Cir. 1999) ("it is clear in the present case that a declaratory judgment would be redundant with the relief already sought for breach of contract"); *McGlone v. Centrus Energy Corp.*, No. 2:19-cv-2196, 2020 WL 4431482, at *16 (S.D. Ohio July 31, 2020) (dismissing claim for declaratory judgment as duplicative of plaintiff's claim for breach of contract); *Waldren v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:18-cv-290, 2020 WL 5214608, at *9-10 (S.D. Ohio

Sept. 1, 2020); *Transworld Delivery, Inc. v. Fleurop–Interflora*, 261 F.Supp.2d 837, 846-847 (E.D. Mich. 2003); *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000).

Here, Defendants contend that Plaintiffs' declaratory judgment claim (Count Two) is duplicative of their breach of contract claim (Count One). The Court agrees. Here, Plaintiffs allege that Defendants breached a royalty provision in Plaintiffs' Smith-Goshen Leases, which reads as follows:

> The Lessee shall pay to Lessor twenty percent (20%) of the gross proceeds received by Lessee **from an unaffiliated third party purchaser in an arms length transaction at the point of sale** for all of the Leased Products produced from each and every well on the Leased Premises or on lands pooled or unitized therewith (herein called the "Royalty Payment"). Lessor has no responsibility for any costs or expenses in connection with the activities and Operations of Lessee including, but not limited to, drilling, testing, completion, producing or post-production costs, construction, transportation, dehydration, separation, compression, gathering, processing, and marketing; such costs are never to be taken into account when calculating gross proceeds. Lessor agrees to accept and receive out of the production or the revenue realized from production of such unit, such proportional share of the Royalty from each unit well as the number of Leasehold acres included in the unit bears to the total number of acres in the unit. So long as payment exceeds fifty dollars ($50.00) payment of Royalty for oil, gas, other hydrocarbons and by-products marketed during any calendar month shall be on or before the 30th day after receipt of such funds by the Lessee. Each Royalty Payment shall be accompanied by a stub, schedule, summary, or remittance identifying the Lease and showing the gross amount and proceeds paid to Lessee for all Leased Products produced.

(ECF No. 40 at PAGEID # 612, ¶ 45 (emphasis in original).) Plaintiffs allege that pursuant to this provision, "Plaintiffs and the Class members should have been paid a percentage of the proceeds received from unaffiliated third party purchasers in arm's length transactions, not a percentage of the proceeds Defendants received from an affiliate" and that "the Smith-Goshen Leases prohibit Defendants from deducting from the royalties any costs or expenses in connection with the activities and operations of [the] lessee." (*Id.* at PAGEID # 614, ¶ 58.)

6

Plaintiffs' breach of contract claim arises directly out of these allegations, as they claim that "Defendants disregarded these provisions and breached their contractual obligations to pay royalties based on the gross proceeds received from unaffiliated third party purchasers in arm's length transactions at the Unaffilliate price and/or breached their obligation not to deduct from any royalty payments any costs or expenses in connection with the activities and operations of [the] lessee." (*Id.* at PAGEID ## 623-624, ¶ 121.)

As if in an echo chamber, Plaintiffs' declaratory judgment claim also arises directly out of these allegations, as Plaintiffs seek an order declaring that Defendants are "prohibited from paying royalties under the Smith-Goshen Lease on proceeds received in sales to Affiliates and that the royalties must be based upon the gross proceeds received from unaffiliated third-party purchasers in arm's length transactions at the Unaffiliate Price, and that Defendants are prohibited from deducting any costs or expenses in connection with the activities and operations of [the] lessee." (*Id.* at PAGEID ## 625-626, ¶ 132.)

It is therefore plain to see that Plaintiffs' declaratory judgment claim is unnecessary and duplicative of their breach of contract claim, notwithstanding Plaintiffs' position that their breach of contract claim is merely *retrospective*, while their declaratory judgment claim is merely *prospective*. (ECF No. 44 at PAGEID ## 754-755.) This argument is nothing more than a semantic red herring, for as Defendants correctly note in their reply brief, "Plaintiffs do not articulate any specific harm contained within Count Two that is not covered by Count One," and the Court agrees that "[s]ince Count One covers every permutation of Plaintiffs' alleged woes, Count Two offers nothing but burden to the Court and needless expense to the parties." (ECF No. 45 at PAGEID # 762.) Put differently, "Plaintiffs' claim for declaratory judgment . . . has already ripened into a cause of action for breach of contract, and thus, declaratory judgment on

these issues is duplicative and unnecessary." *Gutierrez v. Selection Mgmt. Sys., Inc.*, No. 1:20-CV-354, 2022 WL 2208761, at *9 (S.D. Ohio June 21, 2022), *dismissed sub nom. Gutierrez, co-Tr. of Charles & Rita Bailey Living Tr. v. Selection Mgmt. Sys., Inc.*, No. 22-3621, 2022 WL 18396146 (6th Cir. Sept. 22, 2022) (citing *Putman v. Allstate Ins. Co.*, No. 1:21-cv-14, 2021 WL 1580836, at *3 (S.D. Ohio April 22, 2021) (citing cases)).

This conclusion ends the analysis, but for the sake of completeness, the Court also finds that the balance of the relevant *Grand Trunk* factors further weighs in favor of dismissing Plaintiffs' request for declaratory judgment. First, issuing a declaratory judgment would not settle the parties' controversy and would not be useful in clarifying the legal relations at issue, as Plaintiffs seek damages for Defendants' alleged breach of the Smith-Goshen Leases. The adjudication of Plaintiffs' breach of contract claim will necessarily decide the status of the contractual relationship. *Little Mountain Precision, LLC v. DR Guns, LLC*, No. 22 CV 1471, 2023 WL 1816711, at *5 (N.D. Ohio Feb. 8, 2023) ("Issuing a declaratory judgment would not settle the parties' controversy, as plaintiff also seeks damages as a result of the [] alleged breach of the Force Majeure Agreements."). Additionally, "although a declaratory judgment would serve *some* useful purpose in clarifying the legal relations at issue, the breach of contract claim is an alternative remedy that is better or more effective because it will resolve the entirety of the parties' dispute." *Id.* (internal quotation marks omitted). Accordingly, an analysis of the relevant factors further supports the Court's decision to decline to address the declaratory judgment claim. *Id.*

## IV. CONCLUSION

Based on the foregoing, Defendants' Partial Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 41, is **GRANTED.** Count Two of Plaintiffs' Complaint, for Declaratory Judgment, is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Date:  January 16, 2024                              */s/ Elizabeth A. Preston Deavers*
                                                                                **ELIZABETH A. PRESTON DEAVERS**
                                                                                **UNITED STATES MAGISTRATE JUDGE**