## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTHONY GREGOR, et al., *individually and on behalf of all others similar situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>RICE DRILLING D, LLC, et al.,<br><br>Defendants. | **Case No. 1:21-CV-3999** |

## ORDER GRANTING MOTION FOR PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiffs Dorothy Bowman, Maple Ridge Farm LLC, and OK Ridge Farm LLC's ("Plaintiffs" or "Class Representatives") Motion for Preliminary Approval of Class Settlement Agreement ("Motion"). Plaintiffs, individually, and on behalf of the proposed Settlement Class, and Defendants Rice Drilling D, LLC, EQT Production Company, EQT Energy, LLC, and EQT Corporation ("Defendants" and together with Plaintiff, the "Parties") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation.

This matter concerns a putative class action, *Gregor v. Rice Drilling D, LLC*, No. 1:21-cv-3999 (the "Litigation"), in which Plaintiffs raised a number of issues with Defendants related to the Smith Goshen Leases, including issues related to the calculation of royalty payments made by Defendants, deductions of Post-Production Costs by Defendants, and the stratigraphic depths granted to Defendants. These issues were hotly litigated and/or otherwise disputed by Defendants.

The Parties, through their counsel, have entered into a Settlement Agreement following good-faith, arm's-length negotiations. The Parties have agreed to settle the Lawsuit, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court

as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in dismissal of the Lawsuit with prejudice.

Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiff's Motion for Preliminary Approval of Class Action Settlement is **GRANTED** as set forth herein.[1]

1. **Class Certification for Settlement Purposes Only.** For settlement purposes only and pursuant to Fed. R. Civ. P. 23 the Court conditionally certifies the Settlement Class in this matter means:

> All Persons or entities, including their affiliates, predecessors and successors-in-interest, and any other persons who are, or were, lessor parties to a Smith Goshen Lease and received royalty payments from Defendants during the period from January 1, 2018 through December 31, 2024, according to the business records maintained by EQT Production Company.

The Settlement Class excludes: (a) any person or entity who is currently asserting Settled Claims in any action other than *Gregor* against Defendants; (b) any person or entity who receives royalty in kind pursuant to a Smith Goshen Lease; (c) any person or entity who has previously released EQT Production Co. and/or its affiliates from liability concerning or encompassing any or all Settled Claims; (d) the federal government; (e) the State of Ohio; (f) legally-recognized Indian Tribes; and (g) any person who serves as a judge in this civil action and his/her spouse.

The Court further provisionally finds, for settlement purposes only, that: (1) the Settlement Class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the Settlement Class, (3) the claims or defenses of the Class Representative are typical of the claims or defenses of the Settlement Class, (4) the Class Representative and

---

[1] Unless otherwise indicated, capitalized terms used in this Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as in the Settlement Agreement.

Settlement Class Counsel will fairly and adequately assert and protect the interests of the Settlement Class, and (5) a class action provides a fair and efficient method of adjudication of the controversy.

2. **Class Representatives and Settlement Class Counsel.**

Plaintiffs Dorothy Bowman, Maple Ridge Farm LLC, and OK Ridge Farm LLC are hereby designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives.

The Court finds that the following counsel is experienced and adequate counsel and is hereby provisionally designated as Settlement Class Counsel: Matthew R. Wilson of Meyer Wilson Co., LPA; Sean E. Jacobs of Emens Wolper Jacobs & Jasin Law Firm Co., LPA; and Scott K. Jones of Scott K. Jones Law, LLC.

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Classes to warrant providing Notice of the Settlement to the Settlement Class and accordingly the proposed Settlement is preliminarily approved.

4. **Jurisdiction.** The Court concludes that it has subject matter jurisdiction and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this Court.

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on **JANUARY 22, 2026, at 1:30 P.M.** in the United States District Court for the Southern District of Ohio, located at the Joseph P. Kinneary Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, to determine, among other things, whether to grant Plaintiffs' Motion for Attorney Fees, Litigation

Costs, and Service Award and Plaintiffs' Motion for Final Approval of Class Action Settlement.

Plaintiffs' Motion for Final Approval of the Class Action Settlement shall be filed with the Court no later than **fourteen (14) Days after the Objection Deadline**, and Plaintiffs' Motion for Attorney Fees, Litigation Costs, and Service Award to Class Representative shall be filed with the Court at least **fourteen (14) Days prior to the deadline for Settlement Class Members to opt-out of or object to the Settlement.**

6.     **Administration.**  The Court appoints Schneider Downs & Co., Inc. as the Settlement Administrator, with responsibility for the Notice Program and Claims Administration and to fulfill the duties of the Settlement Administrator set forth in the Settlement Agreement. The Notice and Claims Administration Costs, including, but not limited to, the Settlement Administrator's fees, as well as the costs associated with the provision of notice to the Settlement Class Members and administration of the Settlement, shall be paid from the Settlement Fund.

7.     **Notice to the Class.** The proposed Settlement Notice, which is attached to the Settlement Agreement as **Exhibit A**, respectively constitutes reasonable notice of the Settlement of the Litigation, provide a fair recital of the subject matter and proposed terms or the Settlement, provide Settlement Class Members with details regarding how to make a claim, or request exclusion from or to object to the Settlement Agreement, and is hereby approved.

8.     **Findings and Conclusions Concerning Notice.** The Court finds that the form, content, and method of giving notice to the Settlement Class as described in this Preliminary Approval Order and the Settlement Agreement (including the exhibits thereto) constitute reasonable notice of the Settlement of the Litigation to the Settlement Class. Specifically, the Notice is clear and straightforward. It defines the Settlement Class; clearly describes the options available to class members and the deadlines for taking action; describes the essential terms of the

Settlement, including a description of the subject matter and the proposed terms of the Settlement, including a summary of the monetary or other benefits; discloses the requested Service Award for the Class Representatives, as well as the amount that Settlement Class Counsel intends to seek in fees and expenses; describes procedures for making claims, objections, and requesting exclusion; describes the date, time, and place of the Final Fairness Hearing; and prominently display the address and phone number of Settlement Class Counsel and the Settlement Administrator for Settlement Class Members to make further inquiry about the Settlement. Finally, direct mailing, combined with publishing on the Settlement Website, is the best notice to reach the Settlement Class Members under the circumstances. The Court concludes that the Settlement Notice meets all applicable requirements of law and constitutes Due Process under the U.S. Constitution, and is hereby approved.

Non-material modifications to the exhibits may be made without further order of the Court. The Settlement Administrator and Defendant are directed to carry out the Notice Program in conformance with the Settlement Agreement.

Within sixty (60) Days of the entry of this Preliminary Approval Order (the "Notice Date"), the Settlement Administrator shall send the Settlement Notice to all Settlement Class Members.

9. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must timely complete, personally sign, and submit a request for exclusion ("Opt-Out Request") to the Settlement Administrator at the address in the Notice. To be effective, an Opt-Out Request must clearly manifest the Settlement Class Member's intent to be excluded from the Settlement Class, and be postmarked *no later than sixty (60) Days after the Notice Date*.

All Settlement Class Members who submit timely, valid Opt-Out Requests, shall receive no benefits or compensation under the Settlement Agreement, shall gain no rights from the Settlement Agreement, shall not be bound by the Settlement Agreement, and shall have no right to object to the Settlement or proposed Settlement Agreement or to participate at the Final Approval Hearing. An Opt-Out Request or other request for exclusion that does not fully comply with the requirements for requesting exclusion from the Settlement Class or that is not timely submitted or postmarked, or that is sent to an address other than that set forth in the Notice, will be invalid, and the person submitting such request will be treated as a Settlement Class Member and will be bound by the Settlement Agreement, including the Release contained therein, and any judgment entered thereon.

Within seven (7) Days after the last Day of the Opt-Out Period, the Settlement Administrator shall furnish to Settlement Class Counsel and to Defendants' Counsel a complete list of all timely and valid Opt-Out Requests (the "Opt-Out List").

10. **Objections.** A Settlement Class Member who complies with the requirements of this Paragraph may object to the Settlement and to Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Award for the Class Representative.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is: (a) filed with the Clerk of Court *by the Objection Deadline, which is no later than sixty (60) Days after the Notice Date*, as set forth in the Settlement Agreement and as specified in the Notice; and (b) mailed to Settlement Class Counsel and Defendant's Counsel at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline.

Each Objection must include: (a) the objector's full name, address, telephone number and email address; (b) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (c) a statement as to whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire class; (d) a clear and detailed written statement of the specific legal and factual bases for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (e) the identity of any counsel representing the objector; (f) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, identifying that counsel; (g) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (h) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

Any Settlement Class Member who fails to comply in full with the requirements for objecting in the Settlement Agreement, the Notice, and any Court orders will forever waive and forfeit any and all rights he or she may have to raise any objection to the Settlement Agreement, will not be permitted to object to the approval of the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and will be bound by the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

11. **Plan of Administration and Distribution.** Class Representatives and Defendants have created a process for administering the settlement and distributing relief. The Court preliminarily approves the Plan of Administration and Distribution described in Exhibit E of the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of

7

Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

12. **Termination of Settlement.** This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

13. **Use of Order.** This Preliminary Approval Order shall be of no force or effect if a Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this Lawsuit or in any other lawsuit.

14. **Stay of Proceedings.** Except as necessary to effectuate this Preliminary Approval Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Order and Judgment, or until such further order of this Court. Further, any actions brought by Settlement Class Members concerning the Settled Claims are hereby enjoined and stayed pending the Final Approval Hearing and issuance of the Final

8

Order and Judgement, or until such further order of this Court.

15. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator.

16. **Summary of Deadlines.** The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Preliminary Approval Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Notice Date | 60 Days after Preliminary Approval |
| Deadline for Plaintiff to File Motion for Attorneys' Fees, Costs, Expenses, and Service Award | 14 Days Prior to Opt-Out and Objection Deadlines |
| Deadline for Settlement Class Members to Opt-Out of or Object to Settlement Agreement | 60 Days after Notice Date |
| Deadline for Plaintiffs to File Motion for Final Approval of Settlement | 14 Days after the Opt-Out/Objection Deadline |
| Final Approval Hearing | January 22, 2026 |

IT IS SO ORDERED this 24th day of July, 2025.

*/s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

9