IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTHONY GREGOR, *individually and on behalf of all others similar situated*, <br><br> Plaintiff, <br><br> vs. <br><br> RICE DRILLING D, LLC, et al., <br><br> Defendants. | **Case No. 2:21-CV-3999** <br><br><br> **Magistrate Judge Elizabeth P. Deavers** |

**FINAL ORDER AND JUDGMENT GRANTING APPROVAL
OF CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiffs Dorothy Bowman, Maple Ridge Farm LLC, and OK Ridge Farm LLC's ("Plaintiffs" or "Class Representatives") Motion for Final Approval of Class Settlement Agreement ("Motion"). Plaintiffs, individually, and on behalf of the proposed Settlement Class, and Defendants Rice Drilling D, LLC, EQT Production Company, EQT Energy, LLC, and EQT Corporation ("Defendants" and together with Plaintiff, the "Parties") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation.

This matter concerns a putative class action, *Gregor v. Rice Drilling D, LLC*, No. 1:21-cv-3999 (the "Litigation"), in which Plaintiffs raised a number of issues with Defendants related to the Smith Goshen Leases, including issues related to the calculation of royalty payments made by Defendants, deductions of Post-Production Costs by Defendants, and the stratigraphic depths granted to Defendants. These issues were hotly litigated and/or otherwise disputed by Defendants.

The Parties, through their counsel, have entered into a Settlement Agreement following good-faith, arm's-length negotiations. The Parties have agreed to settle the Lawsuit, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court

as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in dismissal of the Lawsuit with prejudice.

Having reviewed and considered the Settlement Agreement and the motion for final approval of the Settlement, and having conducted a Final Approval Hearing, the Court makes the following findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or to determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, and adequate under Fed. R. Civ. P. 23, and in the best interests of the Settlement Class;

**IT IS ORDERED** that:

1. The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

2. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

3. On July 24, 2025, this Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a Settlement Class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the

Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator and (f) set the date for the Final Approval Hearing.

4. In the Order Granting the Motion for Preliminary Approval of Class Action Settlement, for settlement purposes only, the Court provisionally certified the Settlement Class, which means:

> All Persons or entities, including their affiliates, predecessors and successors-in-interest, and any other persons who are, or were, lessor parties to a Smith Goshen Lease and received royalty payments from Defendants during the period from January 1, 2018 through December 31, 2024, according to the business records maintained by EQT Production Company.

The Settlement Class excludes; (a) any person or entity who is currently asserting Settled Claims in any action other than *Gregor* against Defendants; (b) any person or entity who receives royalty in kind pursuant to a Smith Goshen Lease; (c) any person or entity who has previously released EQT Production Co. and/or its affiliates from liability concerning or encompassing any or all Settled Claims; (d) the federal government; (e) the State of Ohio; (f) legally-recognized Indian Tribes; and (g) any person who serves as a judge in this civil action and his/her spouse.

5. The Court finds, for settlement purposes only, that: (1) the Settlement Class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the Settlement Class, (3) the claims or defenses of the Class Representative are typical of the claims or defenses of the Settlement Class, (4) the Class Representative and Settlement Class Counsel will fairly and adequately assert and protect the interests of the Settlement Class, and (5) a class action provides a fair and efficient method of adjudication of the controversy. The Court therefore certifies the Settlement Class for purposes of entering final judgment under Fed. R. Civ. P. 23(b)(3).

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and finds that the Settlement is fair, reasonable and adequate and meets the requirements of Fed. R. Civ. P. 23.

7. Settlement Class Counsel applied for an award of attorney's fees in the amount of $5,166,666.67. Given all of the facts and circumstances, the Court finds this amount to be fair, reasonable, and adequate and approves the requested award of attorney's fees.

8. Settlement Class Counsel have applied for reimbursement of litigation costs and expenses in the amount of $169,697.46. The Court finds that these expenses were reasonably incurred in connection with this litigation and approves the requested reimbursement.

9. The Settlement Agreement provides for a class representative service award of $10,000 to Plaintiff Dorothy Bowman and $10,000 to Joseph Duvall, owner of Plaintiffs Maple Ridge Farm LLC and OK Ridge Farm LLC. The Court finds that these modest awards are reasonable and hereby grants approval.

10. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs and expenses, and the proposed Service Award payment to Plaintiffs has been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

11. The Court finds that such Notice constitutes the best possible notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Settlement Class Members.

12. As of the final date of the Opt-Out Period, 85 Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement.  The names of those

persons are set forth in Exhibit A (the "Exclusion List"). Those persons are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

13. The Court received two objections to the Settlement Agreement from Marcia N. Nigro and Vasi Laurence Ilioff. Ms. Nigro and Ms. Ilioff have now withdrawn their objections and have instead opted-out of the settlement. Defendants have agreed to treat Ms. Nigro and Ms. Illioff's objections as valid, timely opt-outs. Therefore, Ms. Nigro and Ms. Illioff are added to the Exclusion List.

14. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. Further to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendants and all Released Persons, as defined in the Settlement Agreement. The Settled Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement contained in this Settlement Agreement and shall not include the claims of those persons identified in the Exclusion List who have timely and validly requested exclusion from the Settlement Class.

16. On the Effective Date and in consideration of the promises and covenants set forth in this Settlement Agreement, the Releasing Parties and Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of this Final Order and Judgment, shall have, fully, finally, completely and forever released and discharged Defendants and the Released Persons from the Settled Claims, as set forth in the Settlement Agreement.

17. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

18. This Final Order and Judgment resolves all claims against all Parties in this Litigation and is a final order.

19. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

**IT IS SO ORDERED.**

**Date: January 22, 2026**

*/s/ Elizabeth A. Preston Deavers*
HON. ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

| | |
|---|---|
| 1 | BELMONT MILLS INC |
| 2 | BRADLEY MASON & DEBRA MASON |
| 3 | BRENT J BUTLER & DOREEN BUTLER |
| 4 | BRIAN E LOASE & JILL K LOASE |
| 5 | BRUCE E SCHUSTER & JENNIFER L SCHUSTER |
| 6 | CAIN FAMILY, LLC |
| 7 | CAROLYN E FRALEY |
| 8 | CHARLES C PATTERSON & CATHY D PATTERSON |
| 9 | CLIFFORD W COLLINS |
| 10 | CLOVER RIDGE HOLDINGS LLC |
| 11 | COUNTRY MILE FARM LLC |
| 12 | CROSSROAD MINERALS, LLC |
| 13 | CRUM FAMILY LIMITED PARTNRSHIP |
| 14 | DALE T BONNETT II |
| 15 | DANIEL W. CARLIER |
| 16 | DEAN A JARRETT & BARBARA JARRETT |
| 17 | DEAN DUNFEE & LORETTA DUNFEE |
| 18 | DELBERT KUTHY & LORRAINE KUTHY |
| 19 | DIRK A DAVIS & JONI B DAVIS |
| 20 | DOWN HOME FARMS HOLDINGS, LLC |
| 21 | FEISLEY FAMILY FARMS LLC |
| 22 | FRANK P WALTHOUR III & CARMEN L WALTHOUR |
| 23 | GATEWAY ROYALTY II, LLC |
| 24 | GATEWAY ROYALTY III, LLC |
| 25 | GATEWAY ROYALTY IV, LLC |
| 26 | GERALDINE WEST |
| 27 | GORDON W LOASE |
| 28 | GOSHEN MILL ENTERPRISES, LLC |
| 29 | HARMONY PLACE LLC C/O DEBORAH K WAIN |
| 30 | HOLLIS ALTON KEMP TRUST U/A DATED 04/18/2002 |
| 31 | JAMES A SHEPHERD & BECKY A SHEPHERD |
| 32 | JAMES HESS & MICHELLE HESS |
| 33 | JAMES LEWIS & CHERYL LEWIS |
| 34 | JAMES O DUNFEE & ENA S DUNFEE |
| 35 | JAMES W HESS |
| 36 | JAMIE K CALLIHAN |
| 37 | JANA M MANKIN |
| 38 | JASON D. PALMER |
| 39 | JEFFREY A BUNDY TRT AGREEMENT |
| 40 | JEFFREY L BURNS & CYNTHIA L BURNS |
| 41 | JERRY A EBBERT & LOVA B EBBERT |
| 42 | JILL M MANN & BRIAN D MANN |
| 43 | JILL R CARPENTER |
| 44 | JODI R WELLS |
| 45 | JOHN W JR & JANETTE D CARSON |

| | |
|---|---|
| 46 | JUDITH MAXINE KIRK |
| 47 | LARRY H JARRETT & EDNA JANE JARRETT |
| 48 | LEALEN LTD |
| 49 | LEWIS REAL ESTATE LLC |
| 50 | MARK FRALEY & CAROLYN FRALEY |
| 51 | MATTHEW D DAVIS & SARAH A DAVIS |
| 52 | MICHAEL L SKIDMORE & SANDRA L SKIDMORE |
| 53 | MICHAEL MENGES & STEPHANIE MENGES |
| 54 | MICHAEL PERKINS & JILL PERKINS |
| 55 | MITCHELL G PERKINS & DEDRA D PERKINS |
| 56 | MJ CLIFT LLC |
| 57 | MOAM MINERALS INTERNATIONAL |
| 58 | MOORE FAMILY TRUST DATED JULY 31, 2018 |
| 59 | NANCY L GARRISON |
| 60 | NEIL K HUNT & KAREN A HUNT |
| 61 | ORVILLE SIMPSON |
| 62 | PACA PARTNERS LLC |
| 63 | PHILLIP M BOLON & CAROL A BOLON |
| 64 | RANDAL BLANEY & CONNIE BLANEY |
| 65 | RICHARD D FREIBERG & MICHELLE P FREIBERG |
| 66 | RICHARD LUCAS & CHARLOTTE LUCAS |
| 67 | ROBERT L. MONTAG |
| 68 | RODNEY D LUCAS & LAURIE LUCAS |
| 69 | RONALD MOORE & LADONNA MOORE |
| 70 | RONALD VAN MOORE & HEATHER J MOORE |
| 71 | ROSS A KEMP |
| 72 | ROY A. CORBETT TRUST ROY A. CORBETT, TRUSTEE |
| 73 | RTR LUCAS FAMILY LP |
| 74 | RYAN FEIOCK & CHERYL A FEIOCK |
| 75 | SCATTERDAY LLC |
| 76 | SCOTT MOORE & DEBBIE K MOORE |
| 77 | SENTERRA LIMITED |
| 78 | SOPHIA MARY MCKAY TRUST |
| 79 | THERESA J CAIN & BRADLEY CAIN |
| 80 | THREE BRANCHES LLC |
| 81 | VEM APPALACHIAN MINERALS LLC |
| 82 | VIRGINIA M DIXON |
| 83 | WARNER FAMILY TRUST DATED 10/19/04 |
| 84 | MARCIA N. NIGRO |
| 85 | VASI LAURENCE ILIOFF |